IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL FRITZ MINOR, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No. 25-cv-13420 |
| v. ) | |
| ) | |
| UNITED AIRLINES, INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| *Defendant*. ) | |

## COMPLAINT AT LAW

Plaintiff, MICHAEL FRITZ MINOR, through his attorneys, RAPOPORT SIMS PERRY & VANOVERLOOP, P.C., in support of his Complaint at Law against Defendant UNITED AIRLINES, INC. ("UNITED"), states the following:

## PARTIES AND BACKGROUND

1. Plaintiff is a citizen of the state of Missouri, residing in Blue Springs, Jackson County, Missouri.

2. Defendant UNITED is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Chicago, Illinois.

3. At all relevant times, Defendant UNITED was a common carrier engaged in the business of transporting passengers for hire as a Part 121 air carrier.

4. At all relevant times, Defendant UNITED issued tickets and an itinerary for international travel aboard its aircraft, for hire, and said ticketing is attached hereto and incorporated herein as Exhibit "A".

5. At all relevant times, Defendant UNITED was present and conducting substantial business operations in the State of Illinois and the Northern District of the Eastern Division of Illinois.

6. Defendant UNITED has sufficient minimum contacts within this district and this state such that the maintenance of this action in this forum will not offend traditional notions of fair play and substantial justice.

7. Prior to July 22, 2025, Plaintiff purchased a business-class ticket for international commercial air transportation (Exhibit "A") directly from UNITED on its website.

8. Plaintiff's continuous international ticketed travel on July 22-23, 2025, consisted of United Flight 6352 from Kansas City, Missouri Airport (MCI) to Houston, Texas (IAH), United Flight 7 from Houston, Texas (IAH) to Tokyo Narita International Airport, Japan (NRT), and United Flight 197 from Tokyo Narita International Airport, Japan (NRT) to Guam, GU (GUM). Plaintiff was provided a single confirmation number for his continuous international air travel, which was B698Q3.

9. All of the aforementioned flights were operated by Defendant UNITED.

10. On July 23, 2025, Plaintiff was a patron and passenger of Defendant UNITED and departed from NRT aboard United Flight 197.

11. While aboard United Flight 197 and while the aircraft was airborne and at cruise altitude, Plaintiff was asleep when the aircraft encountered a sudden and severe loss of cabin pressure.

12. The airplane encountering unexpected, sudden and severe loss of cabin pressure is an unexpected or unusual event that was external to the Plaintiff.

13. The aircraft's unexpected, sudden and severe loss of cabin pressure, is not usual, normal or expected in the operation of the aircraft.

14. Immediately following the loss of cabin pressure, Plaintiff experienced severe bilateral ear pain and hearing loss.

15. Following the loss of cabin pressure of United Flight 197, the flight crew declared an emergency, the flight's continuation was aborted, and the flight crew burned off fuel for a period of time at or below 10,000, before returning to NRT.

16. After declaring an emergency, the flight crew requested that medical personnel meet United Flight 197 at the gate.

17. Upon arrival at NRT, medical personnel met United Flight 197 at the gate. Several passengers were assessed, treated, and transported for further medical treatment.

18. As a result of the loss of cabin pressure of United Flight 197, Plaintiff has received continuous and ongoing medical treatment for his injuries in the United States.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1331(a) in that this matter arises under the laws and treaties ratified by the United States, including but not limited to the Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention"). The travel in this case involves the international carriage of passengers between the United States and Japan, each of whom are signatories to the Montreal Convention, which specifically removes limitations on damages.

20. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1), (b)(2), and (c)(2) as Defendant UNITED has its principal place of business in this District, a substantial part of the events giving rise to the claim occurred in this District, and because this Court has personal jurisdiction over Defendant UNITED given its minimum contacts with this District.

## COUNT I – STRICT LIABILITY/MONTREAL CONVENTION
### United Airlines, Inc.

21. The Montreal Convention, formally entitled the Convention for the Unification of Certain Rules for International Carriage by Air, when applicable, sets forth the liability and compensation owed by airlines for the injury and death of a passenger.

22. This flight involves the international carriage of passengers between the United States and Guam via Japan, each of whom are signatories to the Montreal Convention.

23. The Montreal Convention applies.

24. For all of the aforementioned flights, Defendant UNITED was the contracting carrier pursuant to the Montreal Convention.

25. Defendant UNITED was the actual carrier of United Flight 197 pursuant to the Montreal Convention.

26. An "accident" within the meaning of the Convention occurred when the airplane encountered unexpected, sudden and severe loss of cabin pressure causing the Plaintiff to sustain severe ear pain, hearing loss, and proprioception impairment.

27. Plaintiff's injuries were suffered as a result of the unexpected, sudden and severe loss of cabin pressure on board the aircraft.

28. Under Article 17(1) of the Montreal Convention, Defendant UNITED is liable for damages sustained in case of bodily injury upon condition that, *inter alia,* the accident which caused the injury took place on board the aircraft.

29. Under Article 21(1) of the Montreal Convention, Defendant UNITED "shall not be able to exclude or limit its liability" under Article 17(1) for damages up to 151,880 Special Drawing Rights ("SDRs")

30. Under Article 21(2) of the Montreal Convention, Defendant UNITED shall not be liable for damages exceeding 151,880 SDRs, but *only* if Defendant UNITED proves either: (a) such damage was not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) such damage was solely due to the negligence or other wrongful act or omission of a third party.

31. The sudden depressurization event aboard the aircraft is the type of event which does not ordinarily occur in the absence of negligence.

32. The aircraft was in the exclusive control of Defendant UNITED.

33. No voluntary action on behalf of the Plaintiff caused the decompression event or his injury.

34. On July 23, 2025, Defendant UNITED by and through its employees and/or agents committed the following negligence or other wrongful act and/or omissions:

   a. failed to properly maintain the Boeing 737-800 so as to avoid sudden and unexpected depressurization of the passenger cabin at altitude;

   b. failed to properly inspect the Boeing 737-800 so as to avoid sudden and unexpected depressurization of the passenger cabin at altitude during the flight;

   c. failed to properly maintain and service the cabin pressurization system so as to prevent sudden depressurization at cruise altitude; and

   d. such further acts and omissions as further discovery reveals.

35. As a direct and proximate result of one or more of the aforementioned negligent or wrongful acts/omissions by Defendant UNITED, Plaintiff MICHAEL FRITZ MINOR sustained significant personal injuries, including but not limited to pain, suffering, disability, loss of normal life, emotional distress, lost wages, medical and rehabilitative expenses, including but not limited to hearing loss and proprioception impairment, which are permanent in nature.

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor and against Defendant UNITED in an amount which will fully and fairly compensate for all of Plaintiff's legally compensable damages, costs, and such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

MICHAEL FRITZ MINOR

By: /s/ _____
One of Plaintiff's attorneys

5

Matthew S. Sims
Melanie J. VanOverloop
Lisa M. Ciharan
**RAPOPORT SIMS PERRY & VANOVERLOOP, P.C.**
20 North Clark St., Suite 3500
Chicago, IL 60602
Telephone: (312) 327-9880
Facsimile: (312) 327-9881
msims@rapoportlaw.com
mvanoverloop@rapoportlaw.com
lciharan@rapoportlaw.com

&

Kirk R. Presley, *pro hac vice forthcoming*
**PRESLEY & PRESLEY, LLC**
4801 Main St., Suite 375
Kansas City, MO 64112
816.931.4611
fax 816.931.4646
kirk@presleyandpresley.com